# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, <br><br> Plaintiff, <br><br> v. <br><br> (1) CASSIE SPEARS, individually and as the personal representative of the <br> (2) ESTATE OF BOBBY J. SPEARS, <br><br> Defendants. | Case No. CIV-12-318-RAW |

## ORDER

Before the court is Plaintiff's Expedited Motion to Compel Arbitration and Stay Proceedings [Docket No. 6]. For the reasons delineated below, Plaintiff's motion is DENIED and this action is DISMISSED.

On May 9, 2012, Cassie Spears, as personal representative of the Estate of Bobby J. Spears, decedent, brought an action against Woodmen of the World Life Insurance Society (hereinafter "Woodmen") and Kris Calvert in the District Court of Seminole County for the State of Oklahoma. Mrs. Spears brought seven claims against Woodmen, all based on Woodmen's decision, expressed in a letter to Mrs. Spears dated April 4, 2012, to discontinue the processing of Mr. Spear's life insurance policy and return the amount he submitted with his application.

On July 23, 2012, Woodmen filed this action seeking this court to compel arbitration pursuant the Federal Arbitration Act (hereinafter "the FAA"), 9 U.S.C. § 1 *et seq*., and to enjoin the state court litigation pursuant to 9 U.S.C. § 3 and 28 U.S.C. § 2283. Woodmen also requests an expedited ruling on this matter pursuant to 9 U.S.C. § 4 and all other relief the court finds appropriate. A day later, on July 24, 2012, Woodmen filed the current motion requesting the

same relief it requests in its Complaint. On August 22, 2012, Mrs. Spears filed her response objecting to Woodmen's requests. Woodmen then filed a reply on September 5, 2012.

The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Acts of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The "Act's core message is one of respect for state courts." Smith v. Bayer Corp., 131 S.Ct. 2368, 2375 (2011). The three exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'" Id. (citation omitted). "Indeed '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.'" Id. (citation omitted).

Moreover, "even if the injunction is authorized by one of the exceptions, a district court must still determine whether an injunction is an appropriate exercise of its authority . . . , recognizing the respect due the courts of a sovereign state." Zurich Am. Ins. Co. v. Superior Court of the State of California, 326 F.3d 816, 824 (7th Cir. 2003).

Woodmen argues that this court should enjoin the state court litigation brought by Mrs. Spears pursuant to 9 U.S.C. § 3. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Clearly, "[t]his provision applies only when the [c]ourt has the underlying substantive suit before it." THI of New Mexico at Vida Encantada, LLC v. Lovato,

848 F.Supp.2d 1309, 1333 (D.N.M. 2012).  Like in the <u>Lovato</u> case, here Mrs. Spears brought

her substantive claims against Woodmen in state court, after which Woodmen filed an action in

this court to compel her to arbitrate those claims.  Construing 9 U.S.C. § 3 narrowly, as the court

must, it "thus does not apply to this situation."  <u>Id</u>.

 With regard to the remaining two exceptions to the Anti-Injunction, the court has no

reason to believe that the District Court of Seminole County for the State of Oklahoma is not

fully capable and willing to uphold the parties' rights under the FAA.  The Seventh Circuit has

previously stated that "given principles of comity, we cannot lightly assume that a state court

would disregard federal law."  <u>Zurich</u>, 326 F.3d at 827-28.  That court also stated that "[w]ithout,

at the very least, some evidence that [a] state court [is] indifferent or hostile to the parties' rights

under the FAA . . . , [even] a state court's erroneous application of federal law does not justify

the extraordinary remedy of an injunction and is not authorized by the 'in aid of its jurisdiction'

exception."  <u>Zurich</u>, 326 F.3d at 827.

 For these reasons, the court DENIES Woodmen's motion [Docket No. 6] and hereby

DISMISSES this action.  The parties are able to litigate the arbitration issues in the current action

before the District Court of Seminole County for the State of Oklahoma.

 IT IS SO ORDERED this 1st day of October, 2012.


**Dated this 1st day of October, 2012.**

          _____

          Ronald A. White
          United States District Judge
          Eastern District of Oklahoma